GETZ v. WEISS.—160 S. W. (2d), 438.

Middle Section.   November 26, 1941.

Petition for Certiorari denied by Supreme Court, April 4, 1942.

522

J. Ross Cheshire, Jr., of Nashville, for plaintiff in error Getz.

Walter Stokes and Roberts & Roberts, all of Nashville, for defendant in error Weiss.

CROWNOVER, P. J.    This is a suit for damages for personal injuries suffered by Getz, a pedestrian, in collision with the defendant Weiss' automobile at a street crossing.

The declaration contained eight counts.  In the first count it was averred that the defendant was guilty of common-law negligence.  In the other counts it was averred, respectively, that the defendant had violated several city ordinances and state statutes—by exceeding the speed limit, in failing to have brakes and lights in proper working order, and in driving recklessly.  But the fourth and eighth counts— in regard to the condition of the brakes on the defendant's automobile—were stricken at the close of the evidence for the plaintiff, on motion of the defendant, to which the plaintiff excepted.

The defendant pleaded the general issue of not guilty.

The plaintiff then moved the court to require the defendant to plead specially his defenses, as required by statute, Code, sec. 8767, which motion was sustained and the defendant was ordered to plead specially his defenses.

Whereupon the defendant filed special pleas to the effect that the plaintiff ran into the side of his automobile; that the defendant, upon seeing the plaintiff running across the street toward his car, applied the brakes, swerved to his right, and did all that he could have done to avoid the accident, but the plaintiff ran on into the side of his automobile; and that the plaintiff's injuries were not permanent.

The plaintiff joined issue on these pleas.

The case was tried by the judge and a jury.  At the conclusion of all the evidence the defendant moved the court for peremptory instructions in his favor, which motion was overruled.

The case was submitted to the jury.  After the jury had retired and has considered of their verdict for a while, they returned to the court room and asked for additional instructions.    The following then took place:

"The Court: 'Gentlemen, take your seats.  You haven't agreed, have you?'

"Foreman J. C. Evans: 'Not quite.'

"The Court: 'All right, gentlemen, is there any question of law that you all don't understand?'

"Foreman Evans: 'There is, Your Honor.'

"The Court: 'Well, what is the question of law?'

"Foreman Evans: 'I have been attempting to get what would keep you from another hearing.  One gentleman in particular believes that they were both guilty of acts of  .  .  .'.

"The Court: 'Acts of negligence?'

"Foreman Evans: 'Guilty of acts of negligence, either by an act of negligence or failing to do . . .'.

"The Court: 'Well, gentlemen, I told the jury that if both parties should be guilty of acts of negligence, that is, if both the plaintiff and defendant should be guilty of acts of negligence that directly and proximately cause or directly and proximately contribute to the accident, under those circumstances a plaintiff cannot recover.'

"Foreman Evans: 'Now, Your Honor, will Your Honor go a little further and say, if it is true, that a failure of either one to have done something in the emergency is the same situation?'

"The Court: 'Gentlemen of the Jury, an emergency is something that comes up right now; it is something that is unexpected; something that you haven't anticipated and it is not reasonable to anticipate. If a person is so situated in an emergency and something comes up right now, when that person is guilty of no negligence, no act of negligence on his part that causes that situation, then what he does under those circumstances is not attributable as an act of negligence, if that person, under the circumstances as they are and exist, act as a person of ordinary care. Is there anything further, any other question of law, that you want?'

"Foreman Evans: 'I think that is all we want—that is, if they are guilty to any extent. I think that it is all they want.' "

The jury again left the court room, and within a few minutes thereafter they returned to the court room and announced that they had found in favor of the defendant, and judgment was entered dismissing the plaintiff's action.

The plaintiff's motion for a new trial was overruled and he appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The trial judge erred in giving the jury supplementary instructions in the absence of the plaintiff's counsel, and the instructions so given were erroneous.

(2) The court erred in instructing the jury for the defendant on the fourth and eighth counts of the declaration in respect to the brakes on the defendant's automobile.

(3) The trial judge erred in refusing to charge the plaintiff's special request No. 5 as to contributory negligence.

(4) The court erred in refusing to charge the plaintiff's special requests Nos. 1, 3, and 4, which are as follows:

No. 1: "I further charge you, gentlemen of the jury, that a pedestrian may assume that an oncoming car is not approaching at an unlawful rate of speed, that is, a pedestrian may presume that the driver of said oncoming car is not violating any law, and if the pedestrian sees the oncoming car at a distance which he believes sufficient to enable him to make a safe crossing assuming the car to be

traveling at a lawful speed, the pedestrian is not guilty of negligence in crossing under such circumstances.''

No. 3: ''I further charge you, gentlemen of the jury, that if the driver of a motor vehicle is guilty of negligence in driving said vehicle, his negligence bars the defense of unavoidable accident.''

No. 4: ''I further charge you, gentlemen of the jury, that it is the duty of the driver of a motor vehicle to anticipate and keep a proper look out for those who might be authorized to temporarily obstruct passage, such as a pedestrian crossing a regular pedestrian crossing at the corner of a street between the lateral boundaries of the adjacent sidewalk.''

The facts necessary to be stated are as follows:

This accident occurred at the corner of Demonbreun Street and Fifteenth Avenue, South, at about 6 P. M., on January 4, 1941.

Demonbreun Street leads east and west and is an arterial highway. Fifteenth Avenue leads north and south and intersects Demonbreun Street.

The evidence for the plaintiff Getz was that he was standing on the sidewalk on the northeast corner of the intersection waiting to cross Demonbreun Street to the bus stop on the southwest corner; that he looked up and down the street; that no cars were approaching from the east, but one car was approaching from the west, coming down the hill, and was about 300 feet away; that he started to walk across the street from the northeast corner to the southeast corner; that when he had reached a point three-fourths of· the way across, beyond the center line, he heard the sound of tires indicating that brakes had been applied; that he looked west and saw the automobile coming toward him; that he stepped to one side; that the car struck him or ''grazed'' him with its left front fender; that the back of the automobile ''skidded around to the side and back of the car threw him up against the car,'' and he struck the front left side window of the automobile.

For the defendant Weiss the evidence was that he was driving east on Demonbreun Street at the rate of about 20 miles an hour; that as he approached the intersection of Fifteenth Avenue several cars were approaching him traveling west; that Getz stepped out into the street from· between two of these cars; that he saw Getz and applied his brakes and turned his car to his right; that Getz ran into the side of his car; that his car did not strike Getz, nor did the back end of the car swerve around.

There was no assignment of error that there was no evidence to support the verdict of the jury. There were two conflicting accounts as to how the accident happened, the jury has accepted the defendant's version, and there is evidence to support the verdict.

1. The plaintiff's first assignment of error is that the court erred in giving the jury supplementary instructions, in the absense

of the plaintiff's counsel, and without his knowledge and consent, and without his having an opportunity to ask for additional instructions.

Counsel for Getz filed his affidavit with his motion for a new trial, in which affidavit he stated that these additional instructions were given to the jury in his absence and without his knowledge and consent, and that he was accessible to the court, being at the time in the adjacent corridor or the Circuit Court Clerk's office.

It does not appear that the court had him called or attempted to secure his presence.

We are of the opinion that this assignment must be sustained.

"In accordance with the general rule that all communications between court and jury must be in open court, it is generally held that, if counsel have not consented thereto, it is reversible error for the judge, in the absence of counsel, to go into the jury room and give futher instructions or to send the further instructions to the jury room with another. According to some cases, however, error in failing to give the instructions in open court is not ground for reversal if it is apparent that no prejudice resulted; but there is clearly ground for reversal if there is any uncertainty as to the contents of instructions privately communicated to the jury. As to the necessity for the presence of counsel, the rule sustained by one line of decisions is to the effect that, if the further instructions are given in open court, it is not error to give them in the absence of counsel and without making an attempt to secure their presence; but in a considerable number of jurisdictions it is well settled, sometimes by statute or rule of practice, that it is reversible error to give further instructions in the absence of, or without notice to, the parties or their counsel. This latter rule is usually held not to apply if a reasonable attempt has been made to notify counsel or procure their attendance; if an attempt to procure their attendance would be impracticable; if the right to be present is waived by counsel voluntarily absenting themselves from the place of trial; or if it is clearly apparent that no prejudice has resulted to the complaining party." 64 C. J., 1042-1044, sec. 839.

In our Tennessee case, Wade v. Ordway, 60 Tenn. (1 Baxt.), 229, the court stated that, although it is certainly a sound rule, and one that should not be departed from, that the counsel engaged in a case should be present when the court gives his instructions to the jury as to the law of the case, nevertheless this rule should not be pushed to the extent that a slight departure from it will be held sufficient to put the lower court in error, and cause reversal.

So, where the jury returned into court and the judge repeated substantially the same instructions as to ordinary negligence that he had given in his original charge, and stated a rule to the jury to which no exception could fairly be taken, it was held that no reversible error was committed, even though plaintiff and his counsel were absent at the time.

But in the present case the supplementary instruction on the subject of emergencies was erroneous and calculated to mislead the jury.

The question whether there was an emergency was one for the jury, and the court erred in charging the jury that what the person did in an emergency "is not attributable as an act of negligence, if that person, under the circumstances as they are and exist, act as a person of ordinary care." This charge is not entirely clear, but it was error as the plaintiff is not chargeable with ordinary care in an emergency. All that is required is that he act according to his best judgment, and if he fails to act in the most judicious manner, he is not chargeable with negligence.

"Whether plaintiff had time to stop his motorcycle, dismount and step up on the sidewalk, and, if he did have time to reach a place of safety in that way, whether an ordinarily prudent person, situated as plaintiff was, would have adopted that means of escape from the impending collision, and whether an ordinarily prudent person, when confronted with sudden peril, or emergency, such as that which confronted plaintiff, would have pursued the course which plaintiff followed, were all questions for the jury to determine from the evidence.

"It is well settled in this State, and in many other jurisdictions, that one who, through the negligence of another and not through his own negligence, suddenly finds himself in a position of peril, and is compelled to act instantly to avert an injury to himself, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. Southern Railway Co. v. Whitlock, 136 Tenn., 266, 271, 188 S. W., 1151; Chattanooga Electric Railway Co. v. Cooper, 109 Tenn., 308, 311, 70 S. W., 72; Marble Co. v. Black, 89 Tenn., 118, 125, 14 S. W. 479; [East Tennessee, V. & G.] Railroad Co. v. Gurley, 12 Lea, 46, 62-63; Moody v. Gulf Refining Co., 142 Tenn., 280, 293, 218 S. W., 817 [8 A. L. R., 1243]; Cullom v. Glasgow, 3 Tenn. App., 443, 449; Note, 27 A. L. R., p. 1197 et seq.

"In 20 R. C. L., p. 29, this rule is stated as follows: 'One who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence.' The statement of the rule as just quoted from Ruling Case Law was approved in Moody v. Gulf Refining Co., supra.

"In 22 R. C. L., p. 145, sec. 29, it is said: 'When a person has been put in sudden peril by the negligent act of another, and, in an instinctive effort to escape from that peril, either suffers injury himself, or does injury to a third person, the negligent act is the proximate cause of the injury, and it is immaterial that under different circumstances he might and ought to have seen and avoided the latter danger.' " Power Packing Co. v. Borum, 8 Tenn. App., 162, 169, 170.

It will not do to hold that the party may except to the supplementary charge on new matters and let it go at that. He has a right to be present, and be given an opportunity to offer such requests as he may deem proper to protect his client's interests.

"It is not correct, however, to regard the opportunity of afterwards excepting to the instruction and to the manner of giving it as equivalent to an opportunity to be present during the proceedings. To so hold would be to overlook the primary and essential function of an exception, which is to direct the mind of the trial judge to the point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated. United States v. United States Fidelity [& G.] Co., 236 U. S., 512, 529, 35 S. Ct., 298, 59 L. Ed., 696 [704]; Guerimi Stone Co. v. [P. J.] Carlin Const. Co., 248 U. S., 334, 348, 39 S. Ct., 102, 63 L. Ed., 275." Fillippon v. Albion Vein Slate Co., 250 U. S., 76, 39 S. Ct., 435, 436, 63 L. Ed., 853, 856; Sandusky Cement Co. v. A. R. Hamilton & Co., 6 Cir., 297 F., 609; Hrovat v. Cleveland Ry. Co., 125 Ohio St., 67, 180 N. E., 549, 84 A. L. R., 215, 220, Notes.

At common law in jury trials erroneous rulings were presumptively injurious, especially those embodied in instructions to the jury; and they furnished ground for reversal unless it affirmatively appeared that they were harmless. But in Tennessee, under the Acts of 1911, Chap. 32, Code, sec. 10654, to justify a reversal of the judgment, it must affirmatively appear that such errors have affected the results of the trial. No presumption of prejudice will be indulged from the mere fact that error was committed. Hager v. Hager, 17 Tenn. App., 143, 66 S. W. (2d), 250; Thomason v. Trentham, 178 Tenn., 37, 154 S. W. (2d), 792.

In this case, however, so far from the supplementary instruction being harmless, in our opinion it was erroneous and mislead the jury, in that the jury was told that in determining whether the plaintiff should be held guilty of contributory negligence under the particular hypothesis referred to in the juror's question it should consider whether he used ordinary care. His charge was that the plaintiff was not chargeable with contributory negligence provided he used ordinary care.

Hence, we think the court erred (1) in giving the supplementary charge to the jury in the absence of plaintiff's attorney, without giving him a chance to request additional instructions, and (2) the instruction about the measure of care in an emergency was erroneous. For these reasons the assignments of errors on these propositions are sustained.

2. The plaintiff's second assignment of error is that the court erred "in peremptorily instructing the jury to return a verdict in favor of defendant as to the Fourth and Eighth Counts of the plain-

tiff's declaration, in respect to the alleged defective brakes of defendant's automobile."

At the close of the evidence for the plaintiff the defendant moved the court to strike those two counts on the ground of multiplicity, repetition, etc., which was done.

We think this was error, as he was required to have brakes in good state of repair. Code 1938, sec. 2695B, subsecs. (a)1, (b)5. And there was some evidence that tended to show that the defendant's brakes were not in good state of repair. They had not been examined within a year, and there was evidence that a car running 30 miles per hour could have been stopped within 28 feet if its brakes were in good order. The street was 32 feet wide. The marks began 9 feet west of the intersection and led across the intersection a distance of 62 feet to the point where the car stopped; hence we are of the opinion that the court erred in striking these counts with respect to the brakes, as they may be shown by circumstantial evidence to have been defective. Elmore v. Thompson, 14 Tenn. App., 78, 83.

This assignment is sustained.

3. The trial judge did not err in refusing to charge the plaintiff's special request No. 5 as to contributory negligence. In his main charge he had instructed the jury on this subject as follows: "If a plaintiff himself should be guilty of an act of negligence that directly and proximately causes the accident, or directly and proximately contributes to the accident, under those circumstances a plaintiff cannot recover. If both a plaintiff and a defendant should be guilty of acts of negligence that directly and proximately cause or directly and proximately contribute to the accident, under those circumstances a plaintiff cannot recover. While, on the other hand, if the act directly and proximately result by reason of the negligence of the defendant, under those circumstances a plaintiff could and should recover."

Again, in the course of the additional instructions to the jury, as follows: "Well, gentlemen, I told the jury that if both parties should be guilty of acts of negligence, that is, if both the plaintiff and defendant should be guilty of acts of negligence that directly and proximately cause or directly and proximately contribute to the accident, under those circumstances a plaintiff cannot recover."

There was no reason for the court to repeat the charge as specially requested.

4. The trial judge did not err in refusing to charge the plaintiff's special requests, hereinabove set out under error No. 4.

The trial judge had fully charged the jury as to these matters.

As to request No. 1, the judge charged the jury as follows: "Gentlemen, this relates to all parties—relates to a plaintiff as well as to a defendant: Both sides have a right to assume that the other side is not going to violate any law."

As to the third request, we think it was immaterial, as the defendant did not plead unavoidable accident.

As to the fourth request, we think the court's general charge covered it. His charge on this proposition was as follows: "It is the driver's duty to be vigilant and on the lookout to see the things that ought to be seen; when he sees danger or ought to see danger, to take reasonably prudent precautions to keep from having an accident."

Several of the assignments of errors having been sustained, it results that the judgment must be reversed and the case remanded to the Circuit Court for a new trial.

The costs of the appeal are adjudged against the defendant, but the costs that accrued in the lower court will await the final determination of the case.

Felts and Howell, JJ., concur.