## MITCHELL v. FARR.—222 S. W. (2d) 218.

Eastern Section.    November 10, 1948.

Petition for Certiorari denied by Supreme Court, June 18, 1949.

William R. Weeks, of Chattanooga, for plaintiff in error.

Williams & Williams, both of Chattanooga, for defendant in error.

HOWARD, J. These cases grow out of an automobile accident which occurred September 19, 1947, on Dodds Avenue in the City of Chattanooga when the 1947 model Ford automobile owned and driven by Sara Farr collided with a motor jeep owned and driven by T. L. Mitchell.

Plaintiff in error Mitchell sued Miss Farr for $10,000 in damages for personal injuries alleged to have been suffered by him in the collision, and Miss Farr sued Mitchell and his wife, Georgia McDaniel Mitchell, for $1,000 property damage to her automobile. To each of the declarations the defendants filed pleas of general issue, and at the conclusion of all the evidence each of the defendants made motions for directed verdicts which the Circuit Judge overruled.

The cases were tried together and resulted in jury verdicts in favor of Miss Farr in both cases, the jury awarding a money judgment in her favor in the amount of $250.

Mitchell seasonably filed motions for a new trial in each case, which the Trial Court denied, and he has appealed both cases to this Court. However, in considering the jury verdict in favor of Miss Farr, the Trial Judge suggested a remittitur of $150, which was accepted, and this judgment was reduced to $100.

Mitchell testified that on the above date he parked his jeep headed south and parallel with the curb on the west side of Dodds Avenue in front of the Williams & Voris Lumber Company; that Dodds Avenue runs north and south and is 36 feet wide; that when he got ready to leave, he had to back the jeep and place it at an angle of 45

degrees in order to get out from the curb because an automobile was parked in front of the jeep; that after he looked to his left and then to his right he signaled with his left hand extended as an indication of his intention to pull out from the curb into the line of traffic; that when he was about six feet away from the parked car to his front, he heard brakes screak and tires scream; that upon looking to his left he saw the Farr automobile bearing down upon him at a rate of speed of from 45 to 50 miles per hour; that the brakes on the Farr car had apparently locked and the car appeared to be out of control; that in an effort to avoid a collision, he accelerated the speed of his jeep in a straight line across the street toward the east curb where there was a vacant lot; that as the jeep crossed the street, the Farr car continued to slide and skid and when the jeep was 11 feet from the east curb, the left front of the approaching automobile struck the left rear of the jeep with such force that his back was seriously and permanently injured.

Rex D. McCord, who was called by Mitchell to the scene of the accident, testified that he had completed courses in civil engineering and drafting, and at Mitchell's request he took measurements and made a map showing the physical facts of the accident as he had found them. However, when this map was offered as evidence, it was excluded by the Court upon objections of Miss Farr's attorney for reasons hereinafter shown. He further testified that it was 55 feet from where the skid marks of the Ford car started on the west side of Dodds Avenue to where they ended 11 feet from the curb on the east side of the street; that the skid marks made by the left wheels were much heavier than those made by the right wheels; that there was trash in the street which indicated

the point of the impact and that an automobile traveling 40 miles per hour moves 58 feet per second.

Miss Farr testified that previous to the accident she was driving her car south on Dodds Avenue on the west side, being her side of the street, at a speed of from 20 to 25 miles per hour; that she was driving near the west rail of the car tracks which are located in the center of the street, and that there were parked cars on her right; that when she got even with the Williams & Voris Lumber Company plant, the Mitchell jeep came out suddenly from the west curb from between two parked automobiles; that when she first saw the jeep, it was about 30 feet away and Mitchell, the driver, was looking toward her; and that when the collision occurred, he was in the act of making a U-turn. She testified that Mitchell did not hold out his hand to signal that he was going to pull out from the curb; that there was nothing to obstruct her view if he had signaled with his hand; that her car is 10 feet in length, and the front end of her car was 20 feet away from the jeep when it left the curb. She stated that there was ample space for the jeep to have stopped when the driver saw her car, but instead he proceeded straight across the street. She testified that the value of her car prior to the accident was $600; that after the accident its value was $250; that her repair bill amounted to $53.29.

In these cases the jury heard the witnesses testify and under the charge of the Court the cases were properly submitted to the jury who are triers of facts, and where there are conflicting facts in the evidence, the verdict of the jury is conclusive on appeal. Jackson v. B. Lowenstein & Bros., 175 Tenn. 535, 136 S. W. (2d) 495; Pulley v. Cartwright, 23 Tenn. App. 690, 137 S. W. (2d) 336; Getz v. Weiss, 25 Tenn. App. 520, 160 S. W. (2d) 438;

Nashville C. & St. L. Ry. v. Reeves, 25 Tenn. App. 359, 157 S. W. (2d) 851; Faulk v. McPherson, 27 Tenn. App. 506, 182 S. W. (2d) 130.

·In Jackson v. B. Lowenstein & Bros., supra, our Supreme Court said: ''Appellate courts should not lightly assume primary duty of determining liability or non-liability in actions of tort, but should leave such duty with the jury as triers of facts, and if they act arbitrarily courts should then supervise their action.''

█ It is insisted on behalf of plaintiff-in-error that the Trial Court erred in excluding from the jury the map or diagram prepared by witness McCord, which shows information based on conclusions. The Trial Court properly held that while the map might be filed for identification and to show conditions as witness found them, the witness could not show his conclusions on the drawing. As noted on the map, it shows a rectangular drawing of the ''1937 Ford at the time of the collision'', and there is a rectangular drawing of the position of the jeep at a point described on the map as ''eleven feet from the curb'' with the words ''location of jeep at the time of collision''. Since the witness was not present when the accident occurred, all this information placed on the sketch was from hearsay, and the Trial Court did not err in excluding such evidence.

█ A map, diagram, or like instrument having marks or written memoranda thereon which may be taken by the jury as evidence should not be admitted, and where the person who made the marks did so, not from his own personal knowledge, but from what he heard from others, the map or diagram containing such marks is inadmis-:sible in evidence. 20 Am. Jur., Sec. 741; 32 C. J. S., Evi-.dence, Sec. 730.

■ Plaintiff in error has complained that the Trial Court erred in refusing to allow Miss Farr to answer the following question propounded to her on cross-examination: "I will ask you whether or not you have been arrested and convicted and fined for speeding?"

It appears from a certified copy of the judgment from the City Court of the City of Chattanooga filed in the present case that Miss Farr paid a fine of $5 on the charge of operating a motor vehicle at an unlawful rate of speed in violation of a City Ordinance on December 6, 1943.

We think that the action of the Trial Judge in refusing to allow the witness to answer the question was proper since the answer to the question was not material to the issues in the case being tried. 20 Am. Jur., Sec. 302; 32 C. J. S., Evidence, Sec. 579.

Finally it is urged that the Trial Court erred in overruling plaintiff in error's motion for a new trial based on grounds of surprise. In his motion for a new trial plaintiff in error insisted that the verdict of the jury was based on the false testimony of defendant in error in that she swore positively that she was never on the left hand side of the street and that she was sure plaintiff in error never held out his hand. In support of his motion, plaintiff in error filed an affidavit signed by police officer Butler, who investigated the accident and was present when the parties involved were before the City Court on charges of reckless driving. In his affidavit officer Butler states that defendant in error testified in City Court that "she pulled to her left in an attempt to avoid hitting the jeep . . ." and that she did not see Mr. Mitchell hold out his hand; that "she was not paying any attention and did not see him until he got out in front of her, or words to that effect."

Officer Butler was not present in Court when the case was tried, nor was he subpoenaed as a witness for plaintiff in error, who took no immediate steps during the trial to secure a delay by proper methods.

In her declaration defendant in error alleged that "said 'Jeep' automobile, which had been parked in front of the office of the Williams & Voris Lumber Company, was suddenly and without any warning or signal being given driven from the curb directly into the path of plaintiff's said car in an attempt to make a 'u' turn on said Dodds Avenue in the middle of the block."

". . . that the defendant T. L. Mitchell failed to hold out his hand or to give any other signal or warning that he intended to leave said parked position and pull into the line of traffic proceeding southwardly on Dodds Avenue, and intended to make said 'u' turn."

Upon examination of the record, we do not find anything that would warrant the assertion that plaintiff in error was surprised by the testimony of Miss Farr; since a party is bound to come prepared to meet the case made by his adversary, there can be no surprise in the legal sense predicated upon the development of the case as averred in the declaration. Furthermore, the right to a new trial on the ground of surprise was waived, because when the surprise was discovered, it was not made known to the Court, nor was there a motion for a mistrial or continuance of the case. Nellums v. Nashville, 106 Tenn. 222, 61 S. W. 88; Chattanooga Railway & Light Co. v. Deakins, 3 Tenn. Civ. A., Higgins, 28; Stafford v. Stafford, 1 Tenn. App. 477; Higgins-Crownover's Tennessee Procedure in Law Cases, Sec. 1355.

Finding no error in the proceedings below, all assignments of error are overruled and the judgment will be affirmed at plaintiff in error's costs.