THEODORE DAVIS, Petitioner,

*v.*

BOBBY L. WICKER, Respondent.


THEODORE DAVIS, Petitioner,

*v.*

LARRY LEE JOHNSON, Respondent.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Rehearing denied April 6, 1960.

Second Petition for Rehearing denied June 6, 1960.

JOHN M. RICHARDSON, Clarksville, WARFIELD & ENTRE-KIN, Nashville, for petitioners.

McREYNOLDS & MARKS, Clarksville, for Bobby L. Wicker.

BOAZ & BEACH, Clarksville, for Larry Lee Johnson.

Mr. Justice Swepston delivered the opinion of the Court.

These two cases were tried together and judgments were rendered in each case against Theodore Davis. The same were affirmed by the Court of Appeals. There is only one assignment of error to the action of the Court of Appeals. It complains of the action of the Court of Appeals in regard to one assignment and for brevity, we quote from the opinion of the Court of Appeals its statement of the assignment and the ruling made thereon.

It is as follows:

"(1) We quote the first assignment of error:

" 'The Court erred in overruling the defendant's objections to the following questions propounded by

the plaintiffs to the defendant and in permitting the defendant to answer these questions.'

"Following this assignment there appears in the brief eight pages of questions and answers of defendant Davis developed on cross-examination. The substance of the objection to this evidence is that plaintiffs, by this cross-examination of defendant, Davis, showed that Davis had (a) been convicted in Missouri for not having a proper driver's license; (b) been convicted of disturbing the peace; (c) was familiar with the municipal judges in Kansas City, Missouri; and (d) been convicted on a charge of drunken and careless driving. The purpose of the cross-examination in regard to the foregoing matters was to reflect on the credibility of the defendant Davis. The ultimate question is this: May a party to a civil suit, who takes the witness stand, be cross-examined regarding former misdemeanors for which he had been convicted as a means of impeaching the witness or reflecting upon his credibility?

"In Tennessee Evidence, by O'Neil Lee, 217, Section 162, this rule is stated:

" 'A witness may be cross examined as to specific acts done by himself in order to test his credibility and the weight of his testimony.'

"*Hager v. Hager,* 17 Tenn.App., 143, 66 S.W.2d, 250, supports the rule stated above. The trial judge has wide latitude in the control of cross-examination; and the exercise of his discretion will rarely be ground for new trial. *Dennie v. Isler, Admr.,* 8 Tenn.App., 1; *Lackey v. Metropolitan Life Insurance Company,* 26

Tenn.App., 564, 174 S.W.2d, 575; *Gowling v. United States* [6 Cir.], 64 Fed.2d, 796.''

■■ We are of opinion that these questions were proper cross-examination in view of the situation existing in this particular case, as we shall demonstrate hereinafter, but we are not prepared to agree that a party to a civil suit who takes the witness stand, or any other witness, may be cross-examined as to misdemeanors regardless of relevancy and the circumstances of the particular case and regardless of the nature or type of the misdemeanor.

■ The fact that Davis had been convicted of these misdemeanors and had served time at the Municipal Farm was disclosed by him in response to questions as to what was his occupation and where he had been working during the period subsequent to the accident and before the trial. This is proper cross-examination under all the authorities even though it may disclose that the witness has been in jail. 58 Am. Jur. Witnesses, 376 Sec. 692; 98 C.J.S. Witnesses sec. 515i, p. 424; *Zanone v. State,* 97 Tenn. 101, 36 S.W. 711, 714, 35 L.R.A. 556.

In other words, he was not asked point-blank and right out of the clear air a question as to whether or not he had been convicted and fined for speeding as was done in *Mitchell v. Farr,* 32 Tenn.App. 200, 206, 222 S.W.2d 218; in that case, which involved damages arising out of a collision between two automobiles, the question was held improper as not being material to the issues on trial; obviously it related to a trivial matter having no tendency to affect credibility.

■ If specific acts are to be inquired about, which are not relevant to the issues, for the purpose of affecting

credibility, they must be of such a nature as to tend to have that effect.

In *Zanone v. State,* supra, it is said:

"(2) But that on cross-examination of a witness, we think, specific acts, including indictments involving moral turpitude, may be asked about which disclose his conduct, antecedents, and character, and thereby tend to affect and injure his credibility, although they may reflect upon the disgrace the witness, and the answers of the witness to such collateral matters are conclusive, and not to be contradicted. * * *" In *Posley v. State,* 199 Tenn. 608, 288 S.W.2d 455, the rule was changed simply to strike out indictments and to confine it to convictions.

■ There are many types of misdemeanors, however, which do not involve moral turpitude or affect a person's credibility in any way; in fact, every human being in the United States is probably guilty of committing one or more petit misdemeanors every active day of his life. For example, overtime parking on a city parking meter, or an inadvertent failure to stop at a stop sign on a State highway could not possibly affect a person's moral character or credibility in any way whatever.

In the concurring opinion of Neil, C. J., in *Posley v. State,* 199 Tenn. 616, 288 S.W.2d 458, he stated:

"It is a useless consumption of time to permit the cross-examination of the defendant, or any witness, regarding his guilt of trivial offenses."

In this discussion it will be noted that we have been discussing only cross-examination and not proof of bad character by other witnesses.

██ In the final analysis, the determination of the propriety of questions on cross-examination is very largely in the discretion of the trial court, subject, of course, to correction for plain error or evident abuse of discretion. *Lackey v. Metropolitan Life Ins. Co.*, supra.

The judgment of the Court of Appeals is affirmed.

### On Petition to Rehear

The petition to rehear is respectfully overruled.

### On Second Petition to Rehear

Complaint is made in this second petition to rehear that we failed to discuss *Gray v. State*, 191 Tenn. 526, 235 S.W.2d 20, and one or two other cases cited in that opinion, also *Thorpe v. State*, 202 Tenn. 298, 304 S.W.2d 309.

With due respect to the zeal of counsel, we did not see, and do not now see, any need for discussing those cases. The Gray case does not involve a similar situation to the instant case at all. If counsel will look on pages 529 and 530 of the Gray case in 191 Tenn., on pages 21 and 22 of 235 S.W.2d, it will be seen that an effort was made in a homicide case to impeach the accused by *independent* evidence by asking a witness about a *specific act*—purchase of whisky from accused—when accused had neither taken the stand nor put his character in issue.

That opinion then goes on to explain that even after the accused had taken the stand but had not put his character in issue, specific offenses involving moral turpitude could not be testified to by other witnesses, they being limited to general reputation, although the accused himself might be asked about specific offenses

involving moral turpitude. At page 533 of 191 Tenn., at page 23 of 235 S.W.2d.

That, however, is all beside the point of the particular case. Here the party—witness first testified that he had resided continuously, or at least left that clear impression, at a certain place. Then on cross-examination counsel was entitled to ask about the question of residence. When he did, it transpired from the witness' answers he had been at the Municipal Farm part of the time. This gave counsel the right to inquire fully about this discrepancy, because it affected credibility.

We think there is no need to discuss the other cases cited by counsel, because the original opinion fully covers the situation in the instant case.

Petition is overruled.