LEE *v.* STATE.

(*Nashville,* December Term, 1952.)

Opinion filed February 6, 1953.

ROBERT A. TILLMAN and THOMAS R. JAMES, both of Memphis, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

The plaintiff-in-error, who will be referred to later in this opinion as the defendant, was indicted for offering a bribe to a peace officer under Code Section 11083. He was convicted and sentenced to not more than two (2) years in the penitentiary.

The assignments of error complain (1) that there is no evidence to sustain the conviction; (2) that the evidence preponderates in favor of his innocence. Other assignments relate to the failure of the trial judge to exclude testimony offered by the State showing his guilt of other offenses, and more particularly that of operating a "policy" game, commonly known as the "numbers racket".

The testimony complained of as being inadmissible was given by Officer Stoots, who testified to being offered a bribe by the defendant. He and other officers were attempting to break up this policy game, the defendant being one who was involved. This officer was given instructions by his superior, Inspector Jeffries, and the witness was asked to state the nature of the instructions. It was objected to on the ground of hearsay, and that it was an attempt to prove other crimes. The witness testi-

fied to receiving instructions from Chief McDonald, as follows: "I was instructed by Chief McDonald and Reeves to play along and find out what I could about this policy racket." Later Chief McDonald testified that he gave Lieutenant Stoots instructions "to keep trying to find out where the policy was being written and who the writers were and not to accept any money." Other similar testimony was admitted on behalf of the State and objected to on the ground that it involved the defendant in other crimes and with people with whom he had no connection.

 We readily concede the general rule to be that evidence of other crimes, which are wholly independent of that for which the accused is on trial, is irrelevant and inadmissible. *Mays* v. *State*, 145 Tenn. 118, 238 S. W. 1096, 1102. But to this rule there are several exceptions. In the Mays' case it is said, "This general rule does not apply where the evidence of another crime tends directly to prove defendant's guilt of the crime charged." Another exception is that "Evidence is also admissible to show the motive prompting the commission of the crime charged by the accused, and is admissible notwithstanding it also shows the commission by the accused of another crime of a similar character." See also *Woodruff* v. *State,* 164 Tenn. 530, 51 S. W. (2d) 843.

"The general rule of exclusion of evidence of other crimes does not deprive the state of its right to make out its case. * * * Any difficulty as to the admission of evidence which shows, or tends to show, the commission of another crime disappears if the evidence is considered strictly upon the grounds of its relevancy to the issues on trial, provided the evidence of other acts is not used to prove the corpus

delicti. If evidence is competent, material, and relevant to the issues on trial, it is not rendered inadmissible merely because it may show that the defendant is guilty of another crime. Wharton's Criminal Evidence, (11th Ed.), Vol. 1, pp. 487, 488 and 489.

 We think it was highly important for the State to connect the defendant with operating a "policy game" since the indictment charged that the bribe was offered as an inducement "to cause the said J. A. Stoots to refrain and desist from performing his duty as such officer to enforce the laws of the State of Tennessee against gaming." The evidence was relevant and material to show a motive for offering a bribe. If the defendant was in no way connected with "gaming" or a "policy racket", he would have no interest in securing police protection. The defendant, testifying in his own behalf, stated that a policy game could not be operated successfully without police protection. While denying that he had ever at any time offered a bribe to Lieutenant Stoots he admitted that he was actively engaged in conducting a policy game in the City of Memphis.

State's witness, Lieutenant Stoots, testified that the defendant offered him $100 a week if he would allow his policy writers to operate in a certain district then under the control of Lieutenant Quianthy; he later increased the offer to $200 a week. The defendant denied the charge, while admitting he had had a number of telephone conversations with Stoots about other matters having no connection with any policy.

 The issue in the case rests entirely upon which of the two witnesses was worthy of credit. The jury having accredited the State's proof, and the verdict

being approved by the trial judge, it will not be disturbed on appeal upon the argument that the jury committed error in its conclusions. Moreover there were circumstances which tended to give support to the testimony of Lieutenant Stoots. Upon full consideration of the entire record it cannot be said that the evidence preponderates in favor of the defendant's innocence.

The assignments of error are overruled, and the judgment of the trial court is affirmed.