## JAMES DAVID WOMBLE *v.* STATE OF MARYLAND

[No. 124, September Term, 1969.]

*Decided November 17, 1969.*

120

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James David Womble pro se.*

*Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* for respondent.

ORTH, J., delivered the opinion of the Court.

The provisions of the general law relating to juvenile causes, Md. Code, Art. 26, §§ 51-70, as they previously existed and as amended by Chapter 432, Acts 1969, do

not apply to Montgomery County, § 71. Juvenile causes in Montgomery County are covered by Art. 26, §§ 72-90 and jurisdiction of them is vested in two judges of the People's Court of Montgomery County, § 72. Pursuant to procedures prescribed by § 86c, James David Womble, an adult, appeared before a judge of the People's Court of Montgomery County having jurisdiction of juvenile causes. He "was charged in that Court with unlawfully and wilfully committing an act contributing to, encouraging or tending to cause a condition which would bring a child within the jurisdiction of the People's Court for Juvenile Causes * * *. Specifically, Womble was charged with keeping Kathleen M. Hammett, age 11, away from her home without the consent of her parents." [1] See §§ 76(f) and 78(b). Upon hearing, § 83, he was found guilty, fined $100 and sentenced to imprisonment for six months; ninety days of the sentence was suspended and he was placed on probation for one year, § 79. He appealed from the judgment to the Circuit Court for Montgomery County as authorized by § 87(a) and under the provisions of that section the case was tried *de novo*.[2] He elected a jury trial and was convicted on 10 July 1969. The docket entries as to sentence read:

> "Traverser Sentenced to the Montgomery County Detention Center for a period of (6) six months, latter (90) ninety days of sentence suspended. Traverser, upon release, to be placed on probation under the Jurisdiction of the

1. The charge was so described in the memorandum accompanying the order denying post conviction relief which is the subject of this application for leave to appeal.
2. Section 87(a) reads: "(a) Appeal to circuit court. — Any interested party aggrieved by any order or decree of the judge, may, within 30 days after the entry of such order or decree, appeal therefrom to the Circuit Court of Montgomery County, where the case shall be tried *de novo* as formerly provided in appeals from trial magistrates' findings and decrees." Appeals from trial magistrates are provided by Md. Code, Art. 5, § 30. It states, in relevant part: "The court to which such appeal (from the judgment of a trial magistrate) is taken shall hear the case *de novo* and determine the same according to law and the equity and right of the matter."

> Maryland State Department of Parole and Probation for (12) twelve months. Special condition of Probation, that Traverser at own expense seek Psychiatric Treatment. Traverser to pay Circuit Court costs and lower court costs."

He petitioned for a writ of habeas corpus to the United States District Court for the District of Maryland, Civil No. 21009, and the petition was dismissed on 14 August 1969 for failure to exhaust his available state remedies. On 13 August 1969 he applied to the Court of Special Appeals for a writ of certiorari which we denied by order of 15 August 1969. See Md. Code, Art. 5, § 21.[3] On 22 August 1969 he filed a petition for post conviction relief in the Circuit Court for Montgomery County and upon hearing relief was denied by order dated 30 September 1969 of Judge John P. Moore. He makes application for leave to appeal from that order. See Md. Code, Art. 27, §§ 645A (a) and 645-I.

One of the allegations of error stated in the collateral attack upon the conviction was:

> "The State was allowed, over objection, to introduce evidence as to alleged perverted sex acts by the Petitioner which were irrelevant in this case and for which the Petitioner had been previously tried and acquitted. The Petitioner was not allowed to inform the jury that he had been acquitted of the charge of having committed such acts. The introduction of this evidence acted to the prejudice of the Petitioner and cre-

---

3. We note that Chapter 432, Acts 1969, § 3, amended Art. 26, § 130 so that the Court of Special Appeals shall have appellate jurisdiction which includes direct appeals from "that division of the highest Court of general jurisdiction specially assigned to hear juvenile causes." However § 5 of the Act provides that "it shall be effective in Montgomery County only when sections 72 through 90, inclusive, of Article 26, of the Annotated Code of Maryland (1966 Replacement Volume and 1968 Supplement), title 'Courts', subtitle 'Juvenile Causes in Montgomery County' is repealed." Those sections have not been repealed. In any event, even if this Court had jurisdiction to entertain the application for a writ of certiorari, it was not timely filed. Md. Rule 1012.

> ated a bias against him on the part of the jury
> that made a fair and impartial trial on the
> merits of the particular case impossible."

The judge presiding at the post conviction hearing made two basic findings with regard to the allegation of error. He found: (1) The evidence as to the prior offenses was admissible; (2) the exclusion of the evidence of acquittal for those offenses afforded no ground for post conviction relief because: (a) It went only to the sufficiency of the evidence; and (b) it was no denial of due process of law.

### (1)

It is well settled that proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged.[4] *Wethington v. State,* 3 Md. App. 237, 240. See *Wentz v. State,* 159 Md. 161, 164; *Curry v. State,* 117 Md. 587, 593: "The theory on which evidence of other offenses is excluded is that the jury may be misled into a conviction for an offense for which the defendant is not indicted, or that he may be prejudiced by the accumulation of offenses which he is not prepared to defend." *Wentz v. State, supra,* at 165. However, as pointed out in *Wethington,* there are exceptions to this general rule. 3 Md. App. at 240-242. Within such exceptions, evidence of prior offenses is admissible, not because it is proof of another crime, but because of its relevancy to the charge upon trial. *Cothron v. State,* 138 Md. 101, 109. And see *Berger v. State,* 179 Md. 410. It appears from the discussion of the hearing judge in his memorandum accompanying the order that the evidence of the prior offenses was introduced by the State to show the guilt of the ap-

---

4. Of course this rule is separate and distinct from the rule as to proving prior convictions to impeach the credibility of a witness, including a defendant. See *Nance v. State,* 7 Md. App. 433; *Gunther v. State,* 4 Md. App. 181.

plicant of the charge for which he was on trial. Apparently the hearing judge found the evidence to be within the exceptions to the general rule. He stated:

> "Moreover, it is well established in our law that all evidence pertinent to the issue of motive or intent is admissible, including evidence relating to prior offenses. * * *
>
> The evidence of the petitioner's prior alleged offenses is relevant in this case to show intent inasmuch as it helps to establish that the petitioner was wilfully encouraging a juvenile female to engage in conduct which would take her beyond the control of her parents and also indicates the basis for the parents' known objections to his association with their daughter. It is also relevant to show that the petitioner wilfully encouraged conduct on the part of an eleven year old girl which would constitute a temporary desertion of her home against the will of her parents."

The record before us does not disclose whether the child who was the subject of the offense at the trial attacked by the proceedings before us was the same person involved in the prior offenses of which the applicant was charged. Nor does it reveal when those offenses were alleged to have been committed. But for the purpose of decision we assume, but we do not decide, that the evidence of the prior offenses was properly admissible and resolve this application for leave to appeal on the exclusion of the evidence of acquittal of those charges.

### (2)

The hearing judge noted in his memorandum that the State "conceded in these post conviction proceedings that it was error not to allow the petitioner to introduce evidence of his acquittal in the People's Court on charges previously brought against him."[5] The hearing judge

---

5. The reason for the exclusion by the trial judge of the evidence of acquittal is not disclosed by the record before us.

recognized that the exclusion was error. He cited *Nolan v. State,* 213 Md. 298, in which the Court said, at 311:

> "Where the State has offered evidence to show the defendant's general plan or scheme by virtue of which the crime charged was committed, whether it was of similar offenses or otherwise, the defendant should be allowed to prove his acquittal in the former trial."

But the judge reasoned that since *Nolan* also said that evidence of such acquittal was admissible "for no other purpose than for the purpose of affecting the weight of the evidence against the accused," at 311, and since "questions relating to the sufficiency of the evidence are not matters which may be raised under the Post Conviction Procedure Act," the exclusion of the evidence afforded no ground for relief. We do not feel that the question as here posed was properly confined to a matter of the sufficiency of the evidence so as to enable a disposition of the matter on that ground. It is inescapable that it went to the fairness of the trial and should be considered in that context. The hearing judge further so considered it. But he rejected the argument that the exclusion of the evidence denied due process of law and found that the "introduction of evidence of acquittal was not essential to satisfy the test of basic fairness imposed upon the states by the Fourteenth Amendment." We do not agree. We note that the Court also said in *Nolan* that "the trial judge was in error in rejecting such evidence [of acquittal], and the rejection would be grounds for a new trial." 213 Md. at 311. Faced with the fact that the jury had before it evidence that he had previously committed perverted sex acts, it was essential to the applicant's defense that he attempt to dispel the impact of that evidence on the jury. This he could do by showing that he had been tried and acquitted of those offenses. His acquittal was relevant and material and he was entitled to establish it by proper evidence. It was not only error to exclude such evidence, but the error was material

to his right to a fair trial. The inquiry must be whether the error had substantial influence on the verdict of guilty. The probability cannot be dismissed that the exclusion of the evidence of acquittal of the prior offenses led the jury not to hold the balance nice, clear and true between the State and the applicant. We feel that by its exclusion the applicant was denied due process of law. Thus the error was of constitutional dimension and we cannot say that it was harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U. S. 18; *Hunt v. State,* 2 Md. App. 443. We think that the question, in the circumstances, was properly to be considered under post conviction procedures and as prejudicial error occurred in the trial leading to conviction, the applicant must be afforded relief. We believe he is entitled to a new trial.

In rejecting the contention that the exclusion of the evidence of acquittal did not violate due process of law the hearing judge referred to *Snyder v. Massachusetts,* 291 U. S. 97. We do not find that case to be apposite. It concerned the necessity of the presence of the defendant at a viewing of the scene of a murder committed in an attempted robbery and the holding that a fair trial had not been denied by the defendant's absence in the circumstances is not here appropriate.[6] The hearing judge also pointed out that the rule in several states is "that where evidence as to prior offenses has been admitted notwithstanding acquittal of such offenses, the defendant in the subsequent proceedings is not entitled to introduce the record of acquittal," citing 86 A.L.R.2d 1132, 1145-1146. But that annotation shows that the authorities are not in agreement. It would appear that the majority of the states in which the question has been decided, including Maryland, hold that a defendant is entitled to prove his acquittal of the prior offenses. We do not find the authorities to the contrary to be persuasive.

We hold that there was prejudicial error in the trial

---

6. Mr. Justice Cardoza wrote the opinion of the Court. Mr. Justice Roberts dissented and Justices Brandies, Sutherland and Butler concurred in the dissent.

*de novo* in the Circuit Court for Montgomery County by the exclusion of evidence to show that the applicant had been tried and acquitted of those offenses as to which the State, by evidence it introduced, established that the applicant had been charged, thus raising, at the least, the inference to the jury that he had committed them. As prejudicial error was committed in the trial at which he was convicted he must be given a new trial.

In view of our holding we do not reach the other allegations of error raised in the petition for relief—that Md. Code, Art. 26, § 76 (f) is unconstitutional on its face and as applied to the applicant; that he was denied a fair trial because the jury was informed he was convicted "at a Juvenile Court level" of the offense for which he was on trial; that his trial counsel was inadequate; and that "the trial judge and State's Attorney worked in concert to deprive him of a fair and impartial trial."

> *Application granted; order of 30 September 1969 denying relief under post conviction procedures reversed; case remanded with direction to reverse the judgment in criminal appeal no. 9280, circuit court for Montgomery County and to grant a new trial.*