Argued December 4, 1974, reversed and remanded
February 21, 1975

## STATE OF OREGON, *Respondent, v.*
## EMMA MAE SMITH, *Petitioner.*

532 P2d 9

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*Timothy Wood,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

O'CONNELL, C. J.

Defendant was charged with first degree robbery of Carson Jones. (ORS 164.415.) She pleaded not guilty, was tried and convicted. The Court of Appeals affirmed the judgment of conviction.[1] Defendant's petition for review was then granted.

On October 1, 1973, defendant and two other young women picked up a hitchhiker, Carson Jones. Mr. Jones was driven to a deadend street, threatened with a knife and what appeared to be a gun, relieved of his money and clothing, and left in the street. A short time later the three young women picked up three other hitchhikers, all fourteen-year old girls. The three were threatened and robbed. One of the victims escaped while the car was parked and one of the defendant's companions cut and beat one of the victims who had assisted in the escape. Later the two remaining victims were released without their clothes.

Defendant was tried and acquitted of the robbery of the three teenage girls. At her trial for robbery of Carson Jones, evidence of the robbery of the girls was admitted over defendant's objection. Thereafter defendant took the stand and explained her presence during the robberies. She also stated that she had been acquitted of the other robbery. The trial

[1] State v. Smith, 18 Or App 473, 525 P2d 213 (1974).

judge ruled that her acquittal was irrelevant and instructed the jury to disregard it. Defendant alleges as error the admission of the evidence of the robbery of the girls. She further contends that if such evidence is held admissible, it was error to exclude the evidence of her acquittal.

■■ Evidence of other crimes is admissible if it is substantially relevant to any material issue in the case, but inadmissible if its only purpose is to show defendant's criminal character.[2] Defendant does not dispute that the closeness in time and the congruity of the method of the two robberies makes her alleged-participation in the second robbery relevant to the issues of identity and intent in the present prosecution. However, defendant argues that the acquittal of the other charge lessens its probative value to such an extent as to render it inadmissible when balanced against its unquestioned prejudicial value. This argument has been put forward in other jurisdictions and has been generally rejected.[3] We concur in the generally accepted view. Acquittal establishes only that a jury did not find the defendant to have been proved guilty beyond a reasonable doubt of the offense charged. To be admissible, however, evidence of other conduct need not be established beyond a reasonable doubt.[4] Acquittal alone, though it may lessen the probative value of the evidence of the other offense, does not render it inadmissible.

Defendant also argues that if the evidence of

---

[2] State v. Manrique, 16 Or App 538, 519 P2d 397 (1974), reversed and remanded 271 Adv Sh 201, 531 P2d 239 (Jan. 30, 1975); State v. Latta, 246 Or 218, 221, 425 P2d 186 (1967).

[3] See cases collected in Annot., 86 ALR2d 1132 (1962) and ALR Later Case Service. The contrary view was taken in State v. Little, 87 Ariz 295, 307, 350 P2d 756, 86 ALR2d 1120 (1960).

[4] McCormick on Evidence 447, 451-52, § 190 (2d ed 1972).

the other robbery was admissible, it was error to exclude evidence of her acquittal. The Court of Appeals held, on the basis of dictum in *State v. McLean,*[1] that the admission of evidence of acquittal should be left to the discretion of the trial court.

In *State v. McLean* the defendant was convicted of aggravated assault and battery committed when he was incarcerated in Rocky Butte jail in Portland, where he shared a cell with the victim and 15 other inmates. At the trial, four of the other inmates testified as to defendant's innocence. Each was impeached by evidence of prior convictions. Defendant was not so impeached, but after testifying that he was lodged in Rocky Butte pending trial for "taking and using" an automobile, he was not allowed to testify that he was acquitted of the charge. On appeal, the Court of Appeals held that the trial court erred in refusing to admit evidence of the disposition of the other crime but found the error to have been nonprejudicial.[2] This court affirmed, holding that "any such error was not prejudicial under the circumstances of this case" (255 Or at 473) because, *inter alia:*

> "* * * [T]he crime of 'taking and using' an automobile was such a minor offense, compared with the much more serious and sordid offense * * *, that even if defendant had been permitted to testify that he had been acquitted of that charge, we firmly believe that it would have made no difference whatever in the verdict of the jury. * * *" 255 Or at 480-481.

In reaching this conclusion, the court discussed the different approaches that courts take in allowing or

---

[1] 255 Or 464, 471, 468 P2d 521 (1970).

[2] State v. McLean, 1 Or App 147, 459 P2d 559 (1969), aff'd. 255 Or 464, 468 P2d 521 (1970).

disallowing exculpatory statements by a witness who has been *impeached* by evidence of prior *convictions*. From a survey of possibilities, it was concluded that it *"may"* be that such matters of exculpation are best left to the discretion of the trial judge who may be deemed best able to weigh the value of avoiding unfairness to the impeached witness against possible confusion of the issues.[7]

■ The discussion in *McLean* has no significant bearing on the problem before us. This is not a case where defendant was prevented from explaining a prior conviction by which she had been impeached; she was prevented from showing that she was not convicted at all. Although there may be room for the exercise of discretion by the trial court where the witness offers evidence of extenuating circumstances to explain his conviction, there are no factual considerations open to the trial court to aid him in deciding whether a defendant should be permitted to show that he was acquitted because the decision as to whether such evidence should be admissible is purely a question of policy, which when established one way or the other, will apply to all cases in which a defendant has been acquitted. We are of the opinion that in any case in which the state attempts to prove a defendant's guilt by showing other offenses of which he was charged, the defendant should be permitted to show that he was acquitted of the charge.

The reason for permitting the fact of acquittal to be introduced is succinctly expressed in *People v. Griffin,* 66 Cal2d 459, 58 Cal Rptr 107, 426 P2d 507, 511 (1967):

"Regardless of its probative value, evidence of

[7] 255 Or at 472.

other crimes always involves the risk of serious prejudice, and it is therefore always 'to be received with "extreme caution."' (People v. Albertson, 23 Cal.2d 550, 577, 145 P.2d 7, 20.) Indeed, for this very reason some courts have concluded that an acquittal so attenuates the weight that may properly be given evidence of another crime as to require the exclusion of such evidence altogether. (See People v. Ulrich, 30 Ill.2d 94, 101, 195 N.E.2d 180; State v. Little, 87 Ariz. 295, 307, 350 P.2d 756, 86 A.L.R.2d 1120.) Our rule does not go that far, but instead is fair to both the prosecution and the defense by assisting the jury in its assessment of the significance of the evidence of another crime with the knowledge that at another time and place a duly constituted tribunal charged with the very issue of determining defendant's guilt or innocence of the other crime concluded that he was not guilty. (Footnote omitted)."[9]

Said in another way, the admission of evidence of other offenses in which the defendant has been involved without disclosing that he was acquitted tends to brand him as a "criminal" and exposes him to the danger that the jury might lose sight of the presumption of innocence and the high level of proof required to rebut it. Contrary to the state's contention in this case, we do not believe that there is a risk of confusion of the jury sufficient to require the defendant to stand mute on the fact of her innocence of guilt of a crime nearly identical to the one charged.

We hold, therefore that defendant was entitled to counter the state's evidence of her participation in the other offense by showing that she was acquitted. Since we cannot say affirmatively on the record before us that the jury was not influenced by the erroneous

---

[9] The contrary view has been adopted in some states. See 86 ALR2d 1132, 1145 (1962).

exclusion of the fact of defendant's acquittal,[9] we must therefore reverse and remand for a new trial.

Reversed and remanded.

BRYSON, J., dissenting.

I dissent for the following reasons. The defendant was found guilty by a jury verdict of robbery in the first degree. ORS 164.415.

The facts are undisputed. On October 1, 1973, at 5:45 p.m. the defendant and her two companions, Doreen Johnson and Carla Wallalutam, picked up a hitchhiker, Carson Jones, on Burnside Street in Portland and drove to a dead-end road. Jones testified that defendant pulled a knife on him, Carla pointed what appeared to be a gun at him, and Doreen commanded him to disrobe and hand over his money. Jones gave them his money, removed his clothes, and got out of the car. He noted the car license number and called the police.

Shortly thereafter, at 6:30 p.m. on the same day, the defendant and her two companions picked up three other hitchhikers, Jody, Linda and Tina, all 14-year-old girls. They drove to a parking lot where the teenage

---

[9] The dissent's position that this is a case of harmless error is based upon the belief that "the defendant does not dispute the facts which overwhelmingly prove her guilt." This is an inaccurate representation of the facts. Defendant admitted being in the car at the time of both crimes, but denied committing any acts in furtherance of the robbery. She testified that when the victim Jones was picked up she had a pocket knife in her hand which she was attempting to put in the car's glove compartment because she feared her companions might injure Jones. She also testified that the knife was closed when it was taken from her by one of her companions, who opened and used it to threaten Jones. Throughout her testimony, defendant sought to portray herself as one who was as frightened and intimidated by her companions as were the victims. The jury was entitled to accept this version of the facts.

girls were threatened and robbed. Tina jumped out of the car and escaped, and one of defendant's companions accused Jody of helping in the escape and threatened to kill her. Jody was cut on the hand, arm, and neck. They then drove to a park near Sandy, Oregon, and ordered the two remaining girls to remove their clothes, step out of the car, and lie face down on the ground. The girls ran to a nearby trailer house, and a resident thereof drove them to the Sandy police station.

The evidence discloses that defendant was acquitted of the *robbery* of the three teenage girls. At defendant's trial in the case at bar, evidence of the subsequent crime involving the three teenage girls was admitted over defendant's objection. The defendant then took the stand and testified that she was in the car on October 1 when the three girls were robbed. She then testified:

"Q  Did you tell the girls [her companions] to stop in that case? [Involving the three teenage girls]

"A  No.

"Q  Why not?

"A  Because I thought they weren't going to listen to me.

"Q  Have you been tried on those charges?

"A  Yes.

"Q  Were you found guilty or not guilty?

"A  *Not guilty.*" (Emphasis supplied.)

The District Attorney objected at this point. The trial judge properly asked defense counsel why this evidence had been put in the record. Counsel stated:

"Your Honor, some of the evidence as to whether

or not—On the second incident, was introduced to show, I believe, whether or not Emma Smith was an accomplice in this case. The not guilty verdict does not necessarily show this, but it tends to show something of what all the facts in the other case brought out."

Conference was held outside of the presence of the jury and when the jury returned to the courtroom, the court instructed the jury:

"Ladies and Gentlemen of the Jury, any reference to another trial and a different case is improper. Any reference to the outcome of another trial in a different case is irrelevant to the questions of fact which are to be decided by you in this case. It will be your responsibility in this case to decide this case upon the law as I instruct you and upon the evidence which is produced in this case."

Viewed in the light of the circumstances and the heat of the trial, it is apparent that the trial court was instructing the jury to disregard all of the prior quoted testimony and further, the jury had already heard the defendant state that she had been found not guilty of the specific charge involving the three minor girls.

I agree with the majority opinion that the defendant should have been allowed to testify that she had been acquitted on the charge involving the three minor girls. In fact, she did so testify. In *State v. McLean*, 255 Or 464, 468 P2d 521 (1970), a similar error was committed by the trial judge in not allowing the defendant to testify that he had been acquitted in a previous trial which had been referred to during the testimony. In *McLean* the court resorted to the "harmless error" statute, ORS 138.230, and the provisions of Art VII (Amended), § 3, of the Constitution of Ore-

gon, which was adopted in 1910 and provides, among other things:

> "If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding *any error* committed during the trial; * * *." (Emphasis added.)

In *McLean* this court affirmed the trial court in spite of the error, and Justice McALLISTER, in his concurring opinion, stated:

> "I agree with the Court of Appeals that the trial court erred in refusing to let defendant testify that he had been acquitted of the charge on which he was being held in Rocky Butte Jail. *State v. Leahy*, 243 Iowa 959, 54 NW2d 447 (1952); *Nolan v. State*, 213 Md 298, 131 A2d 851 (1957). I would affirm the judgment under the authority vested in this court by Article VII, Section 3, of the Oregon Constitution. *State v. Cahill*, 208 Or 538, 575-583, 293 P2d 169, 298 P2d 214 (1956)."

I believe that this is the result that should be reached in the present case. The defendant does not dispute the facts which overwhelmingly prove her guilt. The error, if any, in instructing the jury to disregard defendant's testimony that she had been acquitted had no bearing on the evidence which established that defendant committed the crime of robbery for which she was indicted. *See State of Oregon v. Cahill*, 208 Or 538, 577, 293 P2d 169, 298 P2d 214 (1956).

The Court of Appeals reached the same result and affirmed the trial court. I would affirm the Court of Appeals.