619 P.2d 1062

**The STATE of Arizona, Appellee,**

v.

**Carl William Rieck DAVIS, Appellant.**

**No. 2 CA–CR 1938.**

Court of Appeals of Arizona, Division 2.

Sept. 29, 1980.

Rehearing Denied Nov. 5, 1980.

Review Denied Dec. 2, 1980.

Roy A. Mendoza, Pinal County Atty. by William J. Pearlman, Deputy County Atty., Florence, for appellee.

Harry Bagnall, Coolidge, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant was found guilty by a jury of aggravated assault with a deadly weapon, a class three felony, a violation of A.R.S. Secs. 13–1204(A)(1), 13–1204(A)(2) and 13–1203. He was sentenced to serve five years in prison. Appellant had originally been charged with the March 24, 1979, aggravated assault upon Robert Nels Ellingson and also upon Mrs. Ellingson. He was tried on August 14, 1979, and was found not guilty of the assault upon Mrs. Ellingson. The jury was unable to agree on a verdict as to the other assault counts. A second trial was held beginning October 10, 1979, and appellant was found guilty of the assault which is the basis of this appeal.

Appellant's assignment of error is one of first impression in Arizona: He claims that the trial court erred in refusing to allow him to introduce into evidence the fact that he had been tried for the crime of aggravated assault on Mrs. Ellingson and had been found not guilty. The testimony in the trial court which was admitted without objection showed that appellant shot Robert Ellingson in the throat. He then grabbed Mrs. Ellingson and held a pistol to her head. After Mrs. Ellingson pleaded for her life, appellant dropped the pistol. Mrs. Ellingson then ran and called the police.

Appellant did not in the trial court and does not now question the admissibility of the testimony showing an assault upon Mrs. Ellingson.[1] The sole issue is whether appellant was entitled to introduce evidence that he had been tried and acquitted of assaulting Mrs. Ellingson. Although there is authority to the contrary, (see Annot., 86 A.L.R.2d 1132, 1135, 1145–46 (1962)), the better rule allows proof of an acquittal to weaken and rebut the prosecution's evidence of the other crime. See *People v. Griffin*, 66 Cal.2d 459, 58 Cal.Rptr. 107, 426 P.2d 507 (1967), and authorities cited therein. See also, *Womble v. State*, 8 Md.App. 119, 258 A.2d 786 (1969); *State v. Smith*, 271 Or. 294, 532 P.2d 9 (1975).

The judgment is reversed and the matter remanded for a new trial consistent with the views expressed herein.

HOWARD and RICHMOND, JJ., concur.

---

1. In *State v. Little*, 87 Ariz. 295, 350 P.2d 756 (1960), the court held that under the facts presented, evidence of a crime of which the defendant had been acquitted was not admissible. Query: Does this mean such evidence is never admissible? See *Hernandez v. U. S.*, 370 F.2d 171 (9th Cir. 1966).