**STATE of Tennessee, Plaintiff-Appellee,**

v.

**Forrest HOLMAN, Defendant-Appellant.**

Supreme Court of Tennessee,
at Nashville.

Feb. 2, 1981.

John C. Zimmerman, Asst. Atty. Gen., Nashville, of counsel: William M. Leech, Jr., Atty. Gen., Nashville, for plaintiff-appellee.

Thomas D. Steele, Nashville, for defendant-appellant.

OPINION

BROCK, Chief Justice.

The defendant's application for permission to appeal to this Court from the judgment of the Court of Criminal Appeals affirming his conviction in the trial court was granted to review the question whether the trial court erred in permitting the State to introduce evidence tending to show that the defendant had committed a similar offense on another occasion and in refusing to permit the defendant to rebut the effect of such evidence by showing that he had been acquitted of the former offense.

The defendant operated a jewelry store in Hendersonville, Tennessee, and received from Michael Jenkins a watch valued at $1,500. Defendant agreed to repair the wrist band of the watch and return it to the owner in approximately one week. When Mr. Jenkins, the owner, called for the watch approximately two weeks after he left it with the defendant he was told that it was not ready. Pursuant to another later inquiry by the owner, the defendant told him that the watch had been sent to Jones Jewelry for repair. The owner Jenkins returned on several subsequent occasions to

demand the return of his watch but without success. In January, 1977, about two months following delivery of the watch to the defendant the owner Jenkins learned that a local bank had taken possession of the defendant's business and closed it down. The defendant's place of business was searched in an effort to find the watch but it was not found. An independent auditor commissioned by the bank found no record in the defendant's shop of the transaction respecting the watch in question. The State's evidence showed that the defendant had indeed forwarded Mr. Jenkins' watch to Jones Jewelry store on December 15, 1976, but that the watch was returned to the defendant on January 18, 1977, without repair because Jones Jewelry refused to accept the defendant's credit.

Over the defendant's objection, the State was allowed to prove that Ms. Millicent Morgan had delivered her watch valued at approximately $2,000 to the defendant for repairs; that defendant had sent it to Jones Jewelry; that it was returned by Jones Jewelry to the defendant on January 18, 1977, without having been repaired; and that it had never been returned to Ms. Morgan.

The defendant sought to show that he had been tried and acquitted of the offense respecting Millicent Morgan's watch but the trial judge refused to allow the defendant to introduce evidence of his acquittal in the Morgan case. These actions of the trial court were affirmed by the Court of Criminal Appeals which held that the evidence respecting the defendant's conduct with regard to the Morgan watch was admissible in the case on trial as tending to establish a common scheme or plan and the absence of mistake or accident on the part of the defendant. The Court also held that the defendant should not be permitted to show that he had been acquitted of the offense respecting the Morgan watch because, in its opinion, "the better practice is not to allow the evidence of such prior acquittal."

Recently in *Bunch v. State,* Tenn., 605 S.W.2d 227 (1980), we considered at some length the admissibility in a criminal case of evidence that the defendant has committed some other crime wholly independent of that for which he is charged. In *Bunch* we said:

"It is well established, of course, that in a criminal trial evidence that the defendant has committed some other crime wholly independent of that for which he is charged, even though it is a crime of the same character, is usually not admissible *because it is irrelevant. Mays v. State,* 145 Tenn. 118, 238 S.W. 1096 (1921); *Lee v. State,* 194 Tenn. 652, 254 S.W.2d 747 (1953). Moreover, because of the obvious prejudice of such evidence to the defendant its admission often constitutes prejudicial error, requiring the reversal of a conviction. *Gray v. State,* 191 Tenn. 526, 235 S.W.2d 20 (1950). However, if evidence that the defendant has committed a crime separate and distinct from the one on trial, *is relevant* to some matter actually in issue in the case on trial and if its probative value as evidence of such matter in issue is not outweighed by its prejudicial effect upon the defendant, then such evidence may be properly admitted.

"On occasions, evidence of crimes other than that on trial has been admitted as being relevant to such issues on trial as motive of the defendant, intent of the defendant, the identity of the defendant, the absence of mistake or accident if that is a defense, and, rarely, the existence of a larger continuing plan, scheme or conspiracy of which the crime on trial is a part. *Collard v. State,* Tenn., 526 S.W.2d 112 (1975); *Carroll v. State,* 212 Tenn. 464, 370 S.W.2d 523 (1963); Rule 404(b), *Federal Rules of Evidence;* Rule 404 *Uniform Rules of Evidence; McCormick on Evidence* § 157 (1954)." 605 S.W.2d at 229.

This Court held in *Caruthers v. State,* 219 Tenn. 21, 406 S.W.2d 159 (1966) that in order for evidence that the defendant has committed another crime to be admissible, it must be shown by "clear and convincing evidence" that the prior crime was committed and that it was committed by the de-

fendant on trial. *See also Wrather v. State*, 179 Tenn. 666, 169 S.W.2d 854 (1943); *Williams v. State*, Tenn.Crim.App., 550 S.W.2d 246 (1976).

In our opinion if the defendant has been acquitted of the alleged prior crime, proposed evidence that he committed such prior crime should not be admitted. In such a case the effect of the acquittal is to render less than "clear and convincing" the proffered evidence that the defendant committed the prior crime and the probative value of such evidence cannot be said to outweigh its prejudicial effect upon the defendant. For such evidence to have any relevance or use in the case on trial, the jury would have to infer that, despite the acquittal, the defendant nevertheless was guilty of the prior crime. No such inference can properly be drawn from an acquittal, particularly from an acquittal based on insufficient evidence to sustain a guilty verdict, as was true in the instant case.

Having been acquitted of the alleged prior crime, the defendant cannot be tried a second time for that offense; yet, if evidence of such alleged prior crime is admitted in the case on trial, the defendant is required to do just that; at the second trial he must defend himself not only against the charge at hand but also against inferences that the jury might draw from the evidence that he committed the prior crime although he has been acquitted of it. Some courts have reached a contrary conclusion on this issue (see cases discussed in an annotation at 86 A.L.R.2d 1136, § 3), but we are persuaded that the better rule is that evidence that the defendant committed an alleged crime other than that for which he is on trial should not be admitted when he has been acquitted of such alleged other crime. *Accord: State v. Little*, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120 (1960); *People v. Ulrich*, 30 Ill.2d 94, 195 N.E.2d 180 (1963); *Asher v. Commonwealth*, Ky., 324 S.W.2d 824 (1959); *United States v. Keller*, 624 F.2d 1154 (3 Cir., 1980). We, therefore, reverse the judgment of the Court of Criminal Appeals and that of the trial court and remand this cause to the trial court for a new trial. Costs are assessed against the State.

COOPER and HARBISON, JJ., concur.

FONES, J., dissents.

FONES, Justice, dissenting.

I respectfully dissent.

I would adopt what my research convinces me is the better and perhaps the majority rule, to wit: that where the proof of the other crime is clear and convincing and tends to show a common scheme or plan of two or more crimes so related to each other that proof of one tends to establish the other, or to show absence of mistake or accident, such evidence is admissible, but defendant must be allowed to prove that he was tried and acquitted of that alleged offense.

Among our sister states respectable authority can be found supporting the two views, the first allowing the admission of both the prior crime and the acquittal, and the second view adopted by the majority that excludes for any purpose evidence of a prior crime if defendant has been acquitted of that crime.

In 86 A.L.R.2d 1132, the annotator summarized the status of the various views on this issue as follows:

"The numerical weight of authority has adopted the rule that the acquittal of a defendant of another offense does not render proof of that offense inadmissible at a later criminal trial where such proof is otherwise competent. Most courts following that rule hold that where proof of another offense has been admitted, the defendant is entitled to prove his acquittal. But strangely enough, there is also authority to the contrary.

On the other hand, a few authorities take the view that, as a general proposition, evidence as to another offense of which the defendant was acquitted is not admissible. This view rests primarily on the persuasive ground that defendant's acquittal of an offense should relieve him from having to answer again, at the price of conviction for that offense or another,

evidence which amount to a charge of a crime of which he has been acquitted." 86 A.L.R.2d at 1135–36.

In *People v. Griffin*, 66 Cal.2d 459, 58 Cal.Rptr. 107, 426 P.2d 507 (1967) the Court addressed the issue under consideration here as follows:

"Regardless of its probative value, evidence of other crimes always involves the risk of serious prejudice, and it is therefore always 'to be received with extreme caution.' [citations omitted] Indeed, for this very reason some courts have concluded that an acquittal so attenuates the weight that may properly be given evidence of another crime as to require the exclusion of such evidence altogether. [citations omitted] Our rule does not go that far, but instead is fair to both the prosecution and the defense by assisting the jury in its assessment of the significance of the evidence of another crime with the knowledge that at another time and place a duly constituted tribunal charged with the very issue of determining defendant's guilt or innocence of the other crime concluded that he was not guilty." 58 Cal.Rptr. at 111, 426 P.2d at 511.

Other cases supporting the admission of the prior crime and acquittal are, *e. g. Ex parte Bayne*, 375 So.2d 1239 (Ala.1979), *Jenkins v. State*, 147 Ga.App. 21, 248 S.E.2d 33 (1978), *State v. Smith*, 271 Or. 294, 532 P.2d 9 (1975), *Womble v. State*, 8 Md.App. 119, 258 A.2d 786 (1969), *State v. Calloway*, 268 N.C. 359, 150 S.E.2d 517 (1966), *State v. Hopkins*, 68 Mont. 504, 219 P. 1106 (1923), *State v. Millard*, 242 S.W. 923 (Mo. 1922), and *Koenigstein v. State*, 101 Neb. 229, 162 N.W. 879 (1917).

The Court of Criminal Appeals observed that if Mr. Jenkins had testified in the prior case involving Ms. Morgan's watch, the trial judge obviously would not have granted a directed verdict. I agree. While that circumstance alone would not justify adoption of the rule I suggest, it strongly supports the wisdom of allowing the jury to hear and give such weight and credit to the evidence of defendant's alleged similar offense and acquittal thereof as they deem appropriate.