## COMMONWEALTH vs. DARREN BARBOZA.

No. 08-P-1951.

Suffolk. December 14, 2009. - February 5, 2010.

Present: CYPHER, DREBEN, & MEADE, JJ.

*Evidence,* Prior misconduct, Relevancy and materiality, Motive. *Practice, Criminal,* Instructions to jury.

At the trial of a complaint charging violation of an abuse prevention order, the judge did not err in admitting evidence of the defendant's prior charge of assault with a dangerous weapon, where, although the defendant had been acquitted of the prior charge, the evidence of the prior assault, which involved the same victim, was relevant to the issue of the defendant's hostility or motive in the present case, and where any prejudicial impact of the evidence was minimized by evidence of the defendant's acquittal. [242-244]

COMPLAINT received and sworn to in the West Roxbury Division of the Boston Municipal Court Department on September 13, 2007.

The case was tried before *Kathleen E. Coffey,* J.

*Michael A. Waryasz* for the defendant.

*Nicholas Kaiser (Teresa K. Anderson,* Assistant District Attorney, with him) for the Commonwealth.

DREBEN, J. This case raises the issue whether evidence of a prior charged assault by means of a dangerous weapon by the defendant, introduced to show the defendant's hostility or motive in the present case, should have been excluded because the defendant was acquitted of the prior charge. We hold there was no error in the admission of the evidence.

The prior incident occurred on August 23, 2007, and the defendant was arraigned for that offense on September 10, 2007. His brother, Theodore Barboza, the victim of the alleged August 23 assault, was in court that day. The present case arises out of events that occurred on September 10, 2007, after the defendant's arraignment, and as a result of which he was charged

with four new offenses: malicious destruction of property over $250, threat to commit a crime, intimidation of a witness, and violation of an abuse prevention order that Theodore obtained against the defendant after the August 23 incident.[1] He was convicted of violating the abuse prevention order and acquitted of the other three offenses.

The jury could have found the following facts. On returning home from court on September 10, 2007, the defendant stopped his vehicle a few feet from and directly in front of Theodore's truck, which Theodore had pulled over to the curb to allow the defendant to pass. Emerging from his car, the defendant shouted obscenities at Theodore, and hurled a rock at Theodore's vehicle.[2]

Prior to trial, the defendant filed a motion in limine to preclude testimony surrounding the August incident. At trial, he objected to evidence from Theodore who testified that on August 23, 2007, the defendant had broken Theodore's arm with a baseball bat. Theodore was hospitalized and after leaving the hospital filed a criminal complaint as well as obtaining the abuse prevention order. After his arraignment, but prior to the present trial, the defendant was acquitted of the charge of assault by means of a dangerous weapon, which had been initiated by Theodore arising from the August 23, 2007 incident. The defendant elicited the fact of acquittal on cross-examination of Theodore at trial.

*Discussion.* In his appeal, the defendant argues that it was prejudicial error to allow Theodore's testimony concerning the baseball bat incident because he was acquitted of that charge. He also claims the alleged act was not sufficiently probative to be admitted. We disagree. "While the Commonwealth is prohibited from introducing evidence of a defendant's criminal or wrongful behavior to show a tendency of bad character or propensity to commit the crime charged, such evidence is admissible for other relevant probative purposes." *Commonwealth* v. *Leonardi*, 413 Mass. 757, 763 (1992). The previous assault indicated the hostil-

---

[1]The order required the defendant to stay 100 yards away from Theodore and to have no contact with him.

The defendant on an unspecified date also obtained an abuse prevention order against Theodore.

[2]The events occurred on the street where the defendant lived. Theodore testified that he was on that street because he was avoiding traffic on the usual route to his own house.

ity between the brothers. It supported the prosecution's theory that the defendant was motivated to commit the September crimes by anger at his brother for instigating the charges relating to the baseball bat incident on which the defendant had just been arraigned.[3] The general rule is that such evidence is admissible to show hostility and motive, see Mass. G. Evid. § 404(b) (2008-2009), and the admission of such evidence will be upheld absent clear error. *Commonwealth* v. *Stewart*, 450 Mass. 25, 36-37 (2007), and cases cited.

That the defendant was acquitted of the assault by means of a dangerous weapon is not a bar to the admission of evidence of the incident. In the prior case the Commonwealth had to prove the defendant's guilt beyond a reasonable doubt. To introduce evidence of the earlier assault in the present case, the prosecution did not have to demonstrate beyond a reasonable doubt that the defendant committed the assault, but only needed to show by a preponderance of the evidence that a jury could reasonably conclude that the act occurred and that the defendant was the actor. *Dowling* v. *United States*, 493 U.S. 342, 348-349 (1990).[4] See *Commonwealth* v. *Rosenthal*, 432 Mass. 124, 126-127 (2000). While there appears to be no Massachusetts case directly on point, but cf. *Commonwealth* v. *Francis*, 432 Mass. 353, 358-359 (2000),[5] the United States Supreme Court in *Dowling* v. *United States, supra*, and most of the State cases we have found elsewhere, set forth in the margin, allow the introduction of relevant evidence of prior charged incidents even though the defendant has been acquitted of those offenses.[6]

---

[3]The fact that Theodore brought charges against the defendant would, in any event, be admissible to show the defendant's anger and motive.

[4]In *Dowling* v. *United States, supra*, the Supreme Court held that because of the different standard of proof, the introduction of such evidence did not violate the collateral estoppel component of the double jeopardy clause of the United States Constitution. The Court also held that it did not violate the Federal Constitution's due process clause. *Id.* at 352-354. See *Commonwealth* v. *Woods*, 414 Mass. 343, 346-351, 353-354, cert. denied, 510 U.S. 815 (1993), for a discussion of double jeopardy and collateral estoppel.

[5]In *Commonwealth* v. *Francis, supra*, unlike the present case, the evidence was conceded to be inadmissible by the Commonwealth apparently because "its relevance to the charges against the defendant was tenuous and was substantially outweighed by its potential to suggest the defendant's criminal propensity." *Id.* at 359.

[6]Relevant evidence of prior charged acts of a defendant has been held admissible even when the defendant has been acquitted of the acts: *Ladd* v.

We consider the *Dowling* decision persuasive and it accords with our general rule that where, in the judge's discretion, the probative value of relevant evidence outweighs its prejudice, it is admissible. The prejudicial impact of such evidence is minimized by informing the jury that the defendant was found not guilty of the charge. See *Commonwealth v. Francis*, 432 Mass. at 359.

The defendant also complains that the judge gave no limiting instruction. "Contrary to the defendant's claim advanced here for the first time, the law does not require a judge to give limiting jury instructions regarding the purpose for which evidence is offered unless so requested by the defendant." *Commonwealth v. Leonardi*, 413 Mass. at 764.

*Judgment affirmed.*

---

*State*, 568 P.2d 960, 968 (Alaska 1977), cert. denied, 435 U.S. 928 (1978); *People* v. *Griffin*, 66 Cal. 2d 459, 464 (1967); *Kinney* v. *People*, 187 P.3d 548, 554 (Colo. 2008); *State* v. *Paradis*, 106 Idaho 117, 122, 123-124 (1983), cert. denied, 468 U.S. 1220 (1984); *State* v. *Darling*, 197 Kan. 471, 481 (1966); *State* v. *Searles*, 246 Kan. 567, 579, 582 (1990); *Hampton* v. *Commonwealth*, 133 S.W.3d 438, 442 (Ky. 2004); *State* v. *Cotton*, 778 So. 2d 569 (La. 2001); *State* v. *Dean*, 589 A.2d 929, 932-933 (Me. 1991); *Womble* v. *State*, 8 Md. App. 119, 124 (1969); *People* v. *Bolden*, 98 Mich. App. 452, 459 (1980); *State* v. *Millard*, 242 S.W. 923, 926 (Mo. 1922); *State* v. *Yormark*, 117 N.J. Super. 315, 337 (1971); *State* v. *Schlue*, 129 N.J. Super. 351, 354, 356 (1974); *State* v. *Smith*, 271 Or. 294, 296 (1975); *State* v. *Bernier*, 491 A.2d 1000, 1005 (R.I. 1985); *State* v. *Russell*, 62 Wash. 2d 635, 637 (1963); *State* v. *Mongold*, 220 W.Va. 259, 265-266, 269-270 (2007). See *Ex Parte Bayne*, 375 So. 2d 1239, 1243 (Ala. 1979); *Commonwealth* v. *McCall*, 567 Pa. 165, 172-173 (2001).

McCormick views such evidence to be admissible. 1 McCormick, Evidence § 190, at 765, 765-766 n.66 (6th ed. 2006).

In contrast, the following State court decisions exclude evidence of prior charged acts where the defendant has been acquitted of the act: *State* v. *Little*, 87 Ariz. 295, 307 (1960); *State* v. *Perkins*, 349 So. 2d 161, 163-164 (Fla. 1977); *State* v. *Burton*, 281 N.W.2d 195, 197 (Minn. 1979); *McMichael* v. *State*, 98 Nev. 1, 4 (1982); *State* v. *Scott*, 331 N.C. 39, 40, 42 (1992); *State* v. *Holman*, 611 S.W.2d 411, 413 (Tenn. 1981); *Kerbyson* v. *Texas*, 711 S.W.2d 289, 290 (Tex. Ct. App. 1986); *State* v. *Kerwin*, 133 Vt. 391, 395 (1975). See *Moore* v. *State*, 254 Ga. 674, 676, 677 (1985).