**Andrew Frederick KERBYSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00678–CR.**

Court of Appeals of Texas, Dallas.

April 2, 1986.

S. Michael McColloch, David W. Coody, Bruner, McColl, McColloch & McCurley, Dallas, for appellant.

Leslie McFarlane, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

This is an appeal from a conviction for criminal mischief for which the jury sentenced appellant to five years in the Texas Department of Corrections. For the reasons below, we reverse and remand.

Appellant and Neal Clark rented a house together for a period of about five months. They did not get along and had a quarrel on February 15, 1985. Clark left the house after punching a hole in a door. Upon returning the next day, Clark and appellant had a fight and Clark again left. When he returned the next day he observed appellant and another man driving away. Upon entering the house, Clark found an ax and a woman's shoe imbedded in the wall, fireplace tiles broken, a wall mirror broken,

other items damaged or broken, and a general "mess" on the floor. Over objection, he testified that appellant had taken items belonging to him and that he told the police he wanted to press charges.

The State offered the testimony of a neighbor, the neighbor's visitor, and Patrick Baylor, the man seen driving away from the house with appellant. Distilled to the essentials, the neighbor and the neighbor's visitor testified that, while appellant was in the house, they heard noises, sounding like slamming doors and breaking glass. Baylor's testimony was that he was intoxicated at the time and could only remember seeing appellant destroying some plants. Baylor admitted that any noises he heard could have come from across the street.

In his two grounds of error, appellant contends that the trial court erred in admitting evidence of an extraneous theft offense for which appellant had been acquitted, and in excluding appellant's evidence showing his acquittal for the alleged theft offense. It is axiomatic that evidence of extraneous offenses is inherently prejudicial to the accused because the accused is entitled to be tried on the accusation made in the State's charging instrument which specifies the material issues of the case and he cannot—consistent with the requirements of due process—be tried for some collateral crime of which he has no notice. *Murphy v. State*, 587 S.W.2d 718, 721 (Tex. Crim.App.1980). Any exception to the general rule prohibiting the admission of an extraneous offense is first and foremost grounded in the fact that the accused has, indeed, committed an offense. An offense which has been tried and which resulted in an acquittal necessarily would not be admissible as an extraneous offense. *See, Stuart v. State*, 561 S.W.2d 181, 182 (Tex. Crim.App.1979). The prosecution should not be allowed an exception when they have failed to come within the ambit of the general rule. *Id.*

The prejudicial effect on the jury from admitting the evidence is clear. The State led the jury to believe that appellant was a thief when, in fact, he had been acquitted of the theft that the State attempted to infer he committed. Because the evidence admitted implied that appellant was a thief, and was, therefore, inherently prejudicial, and because the appellant was not allowed to introduce evidence to show his acquittal of the alleged theft, we sustain appellant's grounds of error and reverse and remand for a new trial.