NO. 07-06-0446-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 20, 2006



______________________________


 

IN RE RICHARD LEE GLENN, RELATOR


_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS


 Relator Richard Lee Glenn, proceeding pro se, seeks a writ of mandamus directing
the Honorable John Board, Judge of the 181st District Court of Potter County, to hold a
hearing and rule on his application for writ of mandamus seeking to compel Caroline
Woodburn, Potter County District Clerk, to issue citation in a civil case. We will deny
relator's petition.

 Relator alleges he filed a civil action in the 181st District Court on December 12,
2005, and that he sought issuance of citation through the district clerk's office. Relator
alleges that he has made requests of the district clerk's office by letter on April 17th, June
7th, and August 9th of 2006. He further alleges that he has received no response from the
district clerk's office and that no citations have been issued from said office. No certified
or sworn copies of the application were included with the petition for writ of mandamus as
required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure. Relator
maintains the trial court abused its discretion by refusing to hear and rule on his motions. 
He also asserts he has no adequate remedy by law.

 "Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law." Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to
mandamus relief in circumstances such as those presented by relator's petition, he must
satisfy three elements: first, a legal duty to perform a non-discretionary act; second, a
demand for performance; and third, refusal of that demand. See Stoner v. Massey, 586
S.W.2d 843, 846 (Tex. 1979). When a motion is properly pending before a trial court, the
act of considering and ruling on the motion is a ministerial act. See Eli Lilly and Co. v.
Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding). However, the trial court has
a reasonable time within which to perform that ministerial duty. See Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig. proceeding). Whether
a reasonable period of time has lapsed is dependent on the circumstances of each case. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig.
proceeding).

 Additionally, the party seeking relief has the burden to provide a sufficient record to
establish entitlement to mandamus relief. Walker, 827 S.W.2d at 837. See also Ex parte
Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001) (orig. proceeding). The record must
show the motion was presented to the trial court and it refused to act. In re Villarreal, 96
S.W.3d 708, 710 n.2 (Tex.App.-Amarillo 2003) (orig. proceeding). Relator asserts that on
September 13, 2006, he mailed his application to the trial court judge seeking the court to
compel the district clerk to issue citations. However, he does not sufficiently demonstrate
that his application was received by the trial judge, filed with the district clerk's office, and
that the district court has refused to act on it. We must conclude relator has not satisfied
his burden to provide a sufficient record demonstrating that a properly pending motion has
awaited disposition for an unreasonable length of time or that the trial court has refused to
perform a ministerial act.

 Moreover, as noted, relator's petition for writ of mandamus does not substantially
comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. See
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978) (pro se litigants must
comply with the same applicable procedural rules as counsel-represented litigants). For
these reasons, relator's petition for writ of mandamus is denied.


 Mackey K. Hancock

 Justice



" Name="Placeholder Text"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0193-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

JUNE 14, 2011

 

______________________________

 

 

MALCOLM DEAN SCOTT, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 

NO. B18075-0906; HONORABLE EDWARD LEE SELF, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

CONCURRING OPINION

            I
agree with the majority in its conclusion that the trial court did not err in
refusing to admit evidence of Appellant's previous acquittal in the trial of an
extraneous offense, however, I write separately to address the issue from the
perspective of the admissibility of that acquittal.[1]

            As
the majority notes, Appellant relies exclusively on Kerbyson v. State, 711 S.W.2d 289 (Tex.App.--Dallas 1986, pet.
ref'd), to support his position that a trial court errs in excluding evidence
of an acquittal on an extraneous offense when the State offers evidence of that
offense.  But there is a problem with Appellant's
contention -- that's not what Kerbyson held.  In Kerbyson,
over the appellant's objection, the trial court admitted evidence of an
extraneous offense for which the appellant had been acquitted.  Id. at 290.  The court
then refused to admit evidence of that acquittal.  Id.  By two separate issues, the appellant
contended the trial court erred in admitting evidence of the extraneous offense
and in excluding evidence showing his acquittal on that offense.  Id.  Without clearly specifying its ground for
reversal, the Dallas Court of Appeals concluded the trial court erred in
admitting evidence of the extraneous offense and then concluded that the
prejudicial effect of that error was exacerbated by excluding evidence of the
acquittal.  Id.  To the extent that Kerbyson can be read as saying the
exclusion of evidence of an acquittal is reversible, I would respectfully
disagree.  Furthermore, because this case
is factually distinguishable (here Appellant did not object to the admission of
the extraneous offense), Kerbyson is
inapposite. 

            Relevant
evidence means evidence having any tendency to make the existence of any fact
that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence. 
See Tex. R. Evid. 401.  An acquittal is nothing more than one jury's
collective opinion as to whether or not the prosecution proved that particular
offense to their satisfaction beyond a reasonable doubt.  Whether the prosecution did or did not meet
its burden in a previous trial does not make the existence of any fact that is
of consequence in this case more or less probable.  Because evidence of Appellant's acquittal was
inadmissible under Rule 402 of the Texas Rules of Evidence, the trial court did
not err in excluding that evidence.           .

                                                                                      Patrick A. Pirtle                                                                                                                                        Justice

 

Do not publish.











[1]In
an apparent attempt to justify its dubious decision to offer evidence of a
previously acquitted extraneous offense in the first place, the State
misdirects the issue presented by arguing that the evidence it offered was
"same transaction contextual evidence" rather than an extraneous
offense.  Because Appellant did not
object to the admission of the evidence offered by the State, a decision
counsel may very well have made for strategic purposes,
the issue was never about the admissibility of that evidence.  What is really at issue here is the
admissibility of the acquittal.