NO. 07-10-0193-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 JUNE 14, 2011

 ______________________________

 MALCOLM DEAN SCOTT, APPELLANT

 V.

 THE STATE OF TEXAS, APPELLEE

 _________________________________

 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

 NO. B18075-0906; HONORABLE EDWARD LEE SELF, JUDGE

 _______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 CONCURRING OPINION

 I agree with the majority in its conclusion that the trial court did
not err in refusing to admit evidence of Appellant's previous acquittal in
the trial of an extraneous offense, however, I write separately to address
the issue from the perspective of the admissibility of that acquittal.[1]

 As the majority notes, Appellant relies exclusively on Kerbyson v.
State, 711 S.W.2d 289 (Tex.App.--Dallas 1986, pet. ref'd), to support his
position that a trial court errs in excluding evidence of an acquittal on
an extraneous offense when the State offers evidence of that offense. But
there is a problem with Appellant's contention -- that's not what Kerbyson
held. In Kerbyson, over the appellant's objection, the trial court
admitted evidence of an extraneous offense for which the appellant had been
acquitted. Id. at 290. The court then refused to admit evidence of that
acquittal. Id. By two separate issues, the appellant contended the trial
court erred in admitting evidence of the extraneous offense and in
excluding evidence showing his acquittal on that offense. Id. Without
clearly specifying its ground for reversal, the Dallas Court of Appeals
concluded the trial court erred in admitting evidence of the extraneous
offense and then concluded that the prejudicial effect of that error was
exacerbated by excluding evidence of the acquittal. Id. To the extent
that Kerbyson can be read as saying the exclusion of evidence of an
acquittal is reversible, I would respectfully disagree. Furthermore,
because this case is factually distinguishable (here Appellant did not
object to the admission of the extraneous offense), Kerbyson is inapposite.

 Relevant evidence means evidence having any tendency to make the
existence of any fact that is of consequence to the determination of the
action more probable or less probable than it would be without the
evidence. See Tex. R. Evid. 401. An acquittal is nothing more than one
jury's collective opinion as to whether or not the prosecution proved that
particular offense to their satisfaction beyond a reasonable doubt.
Whether the prosecution did or did not meet its burden in a previous trial
does not make the existence of any fact that is of consequence in this case
more or less probable. Because evidence of Appellant's acquittal was
inadmissible under Rule 402 of the Texas Rules of Evidence, the trial court
did not err in excluding that evidence. .

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]In an apparent attempt to justify its dubious decision to offer evidence
of a previously acquitted extraneous offense in the first place, the State
misdirects the issue presented by arguing that the evidence it offered was
"same transaction contextual evidence" rather than an extraneous offense.
Because Appellant did not object to the admission of the evidence offered
by the State, a decision counsel may very well have made for strategic
purposes, the issue was never about the admissibility of that evidence.
What is really at issue here is the admissibility of the acquittal.