NO. 07-10-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 14, 2011

_____


MALCOLM DEAN SCOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B18075-0906; HONORABLE EDWARD LEE SELF, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

I agree with the majority in its conclusion that the trial court did not err in refusing

to admit evidence of Appellant's previous acquittal in the trial of an extraneous offense,

however, I write separately to address the issue from the perspective of the admissibility of that acquittal.[1]

As the majority notes, Appellant relies exclusively on *Kerbyson v. State,* 711 S.W.2d 289 (Tex.App.--Dallas 1986, pet. ref'd), to support his position that a trial court errs in excluding evidence of an acquittal on an extraneous offense when the State offers evidence of that offense. But there is a problem with Appellant's contention -- that's not what *Kerbyson* held. In *Kerbyson*, over the appellant's objection, the trial court admitted evidence of an extraneous offense for which the appellant had been acquitted. *Id.* at 290. The court then refused to admit evidence of that acquittal. *Id.* By two separate issues, the appellant contended the trial court erred in admitting evidence of the extraneous offense and in excluding evidence showing his acquittal on that offense. *Id.* Without clearly specifying its ground for reversal, the Dallas Court of Appeals concluded the trial court erred in admitting evidence of the extraneous offense and then concluded that the prejudicial effect of that error was exacerbated by excluding evidence of the acquittal. *Id.* To the extent that *Kerbyson* can be read as saying the exclusion of evidence of an acquittal is reversible, I would respectfully disagree. Furthermore, because this case is factually distinguishable (here Appellant did not object to the admission of the extraneous offense), *Kerbyson* is inapposite.

---

[1]In an apparent attempt to justify its dubious decision to offer evidence of a previously acquitted extraneous offense in the first place, the State misdirects the issue presented by arguing that the evidence it offered was "same transaction contextual evidence" rather than an extraneous offense. Because Appellant did not object to the admission of the evidence offered by the State, a decision counsel may very well have made for strategic purposes, the issue was never about the admissibility of that evidence. What is really at issue here is the admissibility of the acquittal.

Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Tex. R. Evid. 401. An acquittal is nothing more than one jury's collective opinion as to whether or not the prosecution proved that particular offense to their satisfaction beyond a reasonable doubt. Whether the prosecution did or did not meet its burden in a previous trial does not make the existence of any fact that is of consequence in this case more or less probable. Because evidence of Appellant's acquittal was inadmissible under Rule 402 of the Texas Rules of Evidence, the trial court did not err in excluding that evidence.

.

Patrick A. Pirtle
Justice

Do not publish.

3